UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEWIS CLARK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:04CV826 JCH |
| ) | |
| CHUCK DWYER, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Missouri state prisoner Lewis Clark's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). The matter is fully briefed and ready for disposition.

On October 30, 1999, a jury in the Circuit Court of the City of St. Louis, Missouri found Petitioner guilty of second degree murder and first degree murder. (Response, Doc. No. 12, Ex. B at pg. 146-48). The trial court sentenced him to concurrent sentences of twenty years and life without the possibility of parole or probation. (Id. at pg. 176). On April 10, 2001, the Missouri Court of Appeals affirmed Petitioner's conviction. (Id. at Ex. E). On August 7, 2001, Petitioner filed a Rule 29.15 Motion for post-conviction relief in the Circuit Court for the City of St. Louis, Missouri, which was denied on February 22, 2002.(Id. at Ex. F). On May 6,2003, the Missouri Court of Appeals affirmed the Rule 29.15 motion court's judgment. (Id. at Ex. I).

In his § 2254 petition, filed July 1, 2004, Petitioner raises the following five grounds for relief:

1. He received ineffective assistance of counsel when his appellate attorney failed to raise an issue concerning the State's commission of a discovery violation;

1

2. He received ineffective assistance of counsel when his trial attorney failed to object to and preserve for review the introduction of inadmissible evidence, that Petitioner previously shot Morris Howell while he was a juvenile. Specifically, counsel should have shown that he was "taken into custody" as defined under Mo. Rev. Stat. § 211.271(3);

3. He received ineffective assistance of counsel when his trial attorney failed to object to and preserve for appellate review the introduction of inadmissible evidence, that Petitioner shot Morris Howell while he was a juvenile;

4. The trial court erred when it admitted evidence of petitioner shooting Morris Howell while he was a juvenile;

5. He did not receive a fair trial because the prosecutor failed to inform him that the police had illegally tampered with the crime scene.

On October 22, 2004, Respondent filed his Response. (Doc. No. 12). On November 11, 2004, Petitioner filed his Traverse. (Doc. No. 16). The Court will address each ground for relief in turn.

## **DISCUSSION**

A state prisoner may petition for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner is entitled "'to relief on federal habeas corpus only upon proving that [his] detention violates . . . fundamental liberties . . . safeguarded against state action by the Federal Constitution.'" Wessling v. Bennett, 410 F.2d 205, 209 (8th Cir. 1969), quoting Townsend v. Sain, 372 U.S. 293, 312 (1963). "'[I]t is not the province of a federal habeas court to re-examine state-court determinations [of] state-law questions.'" Gee v. Groose, 110 F.3d 1346, 1349 (8th Cir. 1997), quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Rather, a federal court is limited "'to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.'" Id.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. 104-132, 110

Stat. 1214, made numerous changes to Title 28, Chapter 153 of the United States Code, 28 U.S.C. §§ 2241-2255, the chapter governing federal habeas petitions. Specifically, in Section 104 of the AEDPA, Congress added new subsection (d) to 28 U.S.C. § 2254. That subsection provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d)(1), a petitioner may prevail if the state court's decision is opposite to that reached by the United States Supreme Court on a question of law or if a state court decides a case differently than the United States Supreme Court despite confronting indistinguishable facts. See Copeland v. Washington, 232 F.3d 969, 973 (8th Cir. 2000), citing Williams v. Taylor, 529 U.S. 362 (2000) (holding that the "contrary to" clause refers to the Supreme Court's holdings and not its dicta); see also Ramdass v. Angelone, 530 U.S. 156 (2000).

Under the "unreasonable application" clause of § 2254(d)(1), a writ may issue only if the state court identifies that correct governing legal principle from the United State Supreme Court's decisions but unreasonably applies the principle to the facts of the petitioner's case. See Williams, 529 U.S. at 412. Under this clause, a federal habeas court should ask "whether the state court's application of clearly established federal law [as determined by the United States Supreme Court] was

3

objectively unreasonable." Id. at 1521. It is not enough for the federal habeas court to conclude in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable. Id. at 1522.

**Exhaustion**

A petitioner must exhaust his state law remedies before the federal court can address the merits of his claims in a habeas petition. 28 U.S.C. §2254(b). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Id. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Every habeas ground advanced by the petitioner must survive this exhaustion analysis, or the petition must be dismissed. Rose v. Lundy, 455 U.S. 509 (1982).

In Ground 5, Petitioner asserts that his due process rights were violated because the prosecutor failed to inform him that the police had tampered with the crime scene. Petitioner failed to raise this claim in his Rule 29.15 motion for post-conviction relief. A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (citation omitted); State v. Sumowski, 784 S.W.2d 643, 647 (Mo. 1990)

4

(stating rule regarding exhaustion of constitutional claims in Missouri courts). Additionally, as part of his arguments for Ground 2, Ground 3, and Ground 4, Petitioner contends that his confession was coerced and that he did not take the stand because he believed it would exclude from evidence his shooting of Morris Howell while he was a juvenile. (Traverse, Doc. No. 16). Petitioner failed to raise these claims before either of the Rule 29.15 motion courts. See Jolly, 28 F.3d at 53 (must raise argument at every step of state judicial process).

Because Petitioner has failed properly to raise these claims in state court proceedings, the claims are defaulted and he is procedurally barred from pursuing them here. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995). This Court therefore cannot reach the merits of the claims absent a showing of cause and prejudice, or a demonstration "that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

Petitioner has neither asserted nor shown cause for his failure to raise Ground 5 before the post-conviction motion court. In fact, Petitioner fails even to mention Ground 5 in his Traverse. **Ground 5** is therefore procedurally defaulted and will be denied. Petitioner has also failed to show cause for his failure to bring the coercion or failure to testify claims before the post-conviction motion court. Accordingly, these arguments are procedurally defaulted as well.

### Claims Addressed on the Merits

### Ground 1

In Ground 1, Petitioner alleges that his appellate counsel was inadequate "for failing to raise, brief, and argue the alleged discovery violation committed by the State regarding the contents of Otis Conway's testimony." (Supp. Petition, Doc. No. pg. 1). He contends that, had Mr. Conway testified

during the guilt phase of the trial, he would have "cast serious doubt on the credibility of the state's witnesses and exonerate[d] Petitioner." (Id.).

Petitioner raised this claim before the Rule 29.15 motion court, which held as follows:

> 16. Movant alleges in paragraph 8(d) that appellate counsel was ineffective for failing to raise a discovery violation committed by the State regarding witness Otis Conway's testimony. Movant claims that the State failed in its discovery obligations by not revealing its intention on calling Otis Conway and endorsing him as a witness only after the guilt phase of the trial was complete. Movant states in his motion that the State knew of Conway and the contents of his testimony on Thursday, October 28, 1999. Movant's allegation has no merit because the record establishes that the State did not commit a discovery violation. The record reflects that the State did not locate Conway and learn the content of his testimony until October 30, 1999. The State immediately endorsed him as a witness. Movant admits in his motion that he knew of Otis Conway long before trial and Conway was interviewed by his counsel before trial. Since the State endorsed Conway as soon as it learned of his testimony and the defense had already spoken to him, there was no discovery violation and the court did not commit error in allowing his testimony. Appellate counsel cannot be held to be ineffective for failing to raise an issue that has no merit. Movant did not suffer prejudice because asserting the claim of error would not have required a reversal. Raising this claim on appeal would not have required a reversal because the Court did not abuse its discretion by allowing Conway to testify. It also would not have required reversal because the late endorsement of the witness only affected the penalty phase of the trial. The testimony of Otis Conway was not offered in the guilt phase of the trial so any error regarding its admission would not be grounds for reversing the jury's guilty verdict.

(Findings of Facts, Conclusions of Law, Order and Judgment, Doc. No. 12 at Ex. F, pg. 153-54) (internal citations omitted). The Missouri Court of Appeals, applying the same reasoning, affirmed these findings. (Memo. Supp. Order Affirming J., Doc. No. 12 at Ex. I, pg. 11).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

6

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Upon review, the Court finds the decision of the Missouri state court was not contrary to clearly established federal law. See Williams v. Taylor, 529 U.S. at 390-391, quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984) (In order to demonstrate ineffective assistance of counsel, Petitioner must show (1) his counsel's performance was deficient, in that his representation fell below an objective standard of reasonableness; and (2) that such deficient performance prejudiced Petitioner, in that there is a reasonable probability that but for counsel's errors the result of the proceeding would have been different). The Court's review of the record demonstrates that neither the Missouri trial court's opinion nor the Missouri Court of Appeals' opinion was based on an unreasonable determination of facts in light of the evidence presented. Both Rule 29.15 motion courts found that Petitioner's claim that Otis Conway's testimony would somehow exonerate him had no merit. It is an objectively reasonable for an attorney not to make meritless objections. Carter v. Hopkins, 92 F.3d 666, 671 (8th Cir. 1996). Furthermore, both courts found no prejudice resulted from Otis Conway not testifying. Petitioner's first claim for relief will be denied.

**Grounds 2-4**

Petitioner, in essence, alleges the same violation in grounds two, three, and four.[1] In Ground

---

[1] Although Petitioner brings two of these claims as ineffective assistance of counsel claims, they all turn on the issue of whether or not the trial court properly admitted evidence of Petitioner shooting Morris Howell when he was a juvenile. If the evidence was inadmissible, then any objections by Petitioner's counsel would have been meritless. See Carter, 92 F.3d at 971 (objectively reasonable not to make meritless objections).

7

2, Petitioner alleges that his trial counsel was ineffective by failing to object to and preserve for appellate review the use of "inadmissible evidence that Petitioner had shot Morris Howell, the victim, when Petitioner was a juvenile." (Supp. Petition, Doc. No. 1, pg. 8). Specifically, counsel failed to argue that he had been "taken into custody" as defined under Mo. Rev. Stat. § 211.271(3)[2]. (Id.). Ground 3, although worded differently, asserts the same claim as Ground 2. (Id. at pg. 9). Ground 4 asserts that the trial court erred in admitting the evidence that Petitioner had shot Morris Howell when he was a juvenile. (Id.). The Rule 29.15 motion court and the Missouri Court of Appeals found that the admission of this evidence did not violate state law, and even if it did, there was no prejudice because of the overwhelming evidence of guilt. (Response, Ex. F, I).

Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of a constitutional or federal statutory right. Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990); 28 U.S.C. § 2254(a). On a review of a state court conviction, the federal court does not examine whether evidence was properly admitted under state law. Oliver v. Wood, 96 F.3d 1106, 1108 (8th Cir. 1996) citing Estelle v. McGuire, 502 U.S. 62, 68 (1991). Specifically, questions about the admissibility of evidence "are matters of state law and are reviewable in federal habeas corpus proceedings only when the alleged error infringes on a specific federal constitutional right or is so grossly or conspicuously prejudicial that it fatally infected the trial and denied the defendant the fundamental fairness that is the essence of due process." Adams v. Leapley, 31 F.3d 713, 715 (8th

---

[2]This sections states:
> After a child is taken into custody as provided in section 211.131, all admissions, confessions, and statements by the child to the juvenile officer and juvenile court personnel and all evidence given in cases under this chapter, as well as reports and records of the juvenile, are not lawful or proper evidence against the child and shall not be used for any purpose whatsoever in any proceeding, civil or criminal, other than under this chapter.

Cir. 1994), quoting Berrisford v. Wood, 826 F.2d 747, 749 (8th Cir. 1987). In making this determination, the Court must review the totality of the facts of the case pending before them and analyze the fairness of the particular trial under the circumstances. Keyes v. Bowersox, 230 F. Supp. 2d 971, 975 (E.D. Mo. 2002), citing Turner v. Armontrout, 845 F.2d 165, 169 (8th Cir. 1988). Additionally, the burden on the Petitioner on this point is "much greater than that required on direct appeal and even greater than the showing of plain error." Owsley v. Bowersox, 47 F. Supp. 2d 1195, 1210 (W.D. Mo. 1999), quoting Mendoza v. Leapley, 5 F.3d 341, 342 (8th Cir. 1993).

Petitioner argues that Davis v. Alaska, 415 U.S. 308, (1974) shows that a specific constitutional right was infringed. There, the Supreme Court held that preventing a defendant from impeaching a witness with his juvenile record, because it contravened the state's policy of protecting these records, violated the Confrontation Clause. Id. Thus, the Court must determine whether Davis created a specific constitutional right to the exclusion of defendant's juvenile acts when the state has a policy of protecting juvenile records. The Court finds that it does not. Davis is concerned with the discreet issue of whether the right of confrontation is truncated if a witness' juvenile record cannot be used for impeachment. Petitioner's claim invokes a different issue, whether a prosecutor can constitutionally use evidence of juvenile actions to establish motive. The Supreme Court has not specifically ruled on this issue.

The Court also must consider if the Petitioner has shown that the admission of the evidence caused such an egregious error that it denied him a fundamentally fair trial. The Court finds that Petitioner has not satisfied that burden. Upon examination of the record, the Court does not find that Petitioner was deprived of due process or prevented from making a full defense by the admission of evidence about his actions as a juvenile. Even if the Court somehow found that this alleged error was

9

a violation of a constitutional magnitude, habeas relief is only available if the error "had a substantial and injurious effect or influence in determining the jury's verdict." Leisure v. Bowersox, 990 F. Supp. 769, 788 (E.D. Mo. 1998), quoting Brecht v. Abrahamson, 507 U.S. 619, 638 (1993). Upon an examination of the record, the Court finds that this evidence did not have a substantial or injurious effect on the jury. As the Missouri Court of Appeals aptly stated, there was other, overwhelming evidence of guilt. (Response, Doc. No. 12 Ex. I). Specifically, he confessed and two eye-witnesses identified him as the murderer in a police line up.(Response, Doc. No. 12 at pg. 8, citing Trial Transcript pg. 1136-1142). Accordingly, Petitioner's second, third, and fourth claims for relief will be denied. .

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 4) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S. Ct. 89 (1998).

Dated this 21st day of November, 2006.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE